IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROXANNE E. RANKIN,

                          Petitioner,

  v.

UNITED STATES OF AMERICA,

                          Respondent.

OPINION and ORDER

23-cv-382-jdp

---

Petitioner Roxanne E. Rankin seeks relief under 28 U.S.C. § 2255 following her guilty plea to one count of distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). Rankin alleges that her counsel provided ineffective assistance by promising her a shorter sentence than the sentence that she received, and by failing to give the court enough information about her substantial assistance in separate criminal cases.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 authorizes me to dismiss a petition to vacate summarily if it plainly appears from the petition, any attached exhibits, and the record of the prior proceedings that the petitioner is not entitled to relief. I will deny the petition because Rankin's allegations are plainly refuted by the record.

BACKGROUND

A federal grand jury indicted Rankin with one count of distributing 50 grams or more of methamphetamine. *United States v. Rankin*, 22-cr-37-jdp-1, Dkt. 2. Pursuant to a plea agreement, Rankin pleaded guilty to the indictment. Plea Agreement, *Rankin*, 22-cr-37-jdp-1,

Dkt. 35. The plea agreement stated a factual basis for the offense: a confidential informant (CI) paid Rankin $4,000 for 233 grams of methamphetamine that was later determined to be 100% pure methamphetamine weighing 222.2 grams. *Id.* ¶ 5. I adjudged Ranking guilty at her plea hearing, concluding that she knowingly and voluntarily pleaded guilty and that a factual basis supported her plea.

A Presentence Investigation Report (PSR) was prepared. According to the offense conduct section, the CI had been purchasing one pound of methamphetamine from Rankin every other day for eight months. A controlled purchase was completed in which Rankin accepted $4,000 for one pound of methamphetamine. Rankin gave the CI a half pound, intending to get the other half after using the money to buy methamphetamine from her source. The PSR calculated Rankin's adjusted offense level as 32. After a three-point reduction for acceptance of responsibility, the total offense level was 29. Based on a total offense level of 29 and a criminal history category of IV, the guideline imprisonment range was 121 to 151 months. The government later moved for a downward variance to 72 months in prison based on Rankin's substantial assistance in other criminal prosecutions.

At sentencing, the parties agreed that the PSR correctly calculated the guidelines. Rankin's counsel asked me to impose a sentence between 24 and 36 months because of her cooperation and other factors. I determined that Rankin's assistance was valuable, but not extraordinary. I determined that a departure to 24 to 36 months was not warranted considering: (1) the high quantity of methamphetamine that the case involved; (2) Rankin's pattern of drug trafficking; (3) Rankin's elevated criminal history score and previous federal drug trafficking conviction; and (4) that the recommended sentence would create disparities

2

with similarly situated offenders. I granted a variance and sentenced Rankin to 72 months' imprisonment.

## ANALYSIS

Rankin's claim of ineffective assistance has two parts. First, Rankin contends that her counsel induced her to plead guilty her by promising her that the court would impose a sentence of 36 to 48 months if she cooperated with the government. Second, Rankin contends that counsel did not effectively argue at sentencing that she was entitled to a downward departure because counsel failed to highlight all of her assistance. Rankin believes that she would have received a lower sentence if the court "knew more about everything [she] helped with." Dkt. 1 at 4.

Claims of ineffective assistance of counsel are governed by the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel provided ineffective assistance, Rankin must show that counsel's performance was deficient and that the deficient performance prejudiced her defense. *Id.* To prove deficient performance, Rankin must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. To prove prejudice, Rankin must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

I begin with Rankin's assertion that counsel was ineffective in getting her to plead guilty. "During plea negotiations defendants are entitled to the effective assistance of competent counsel." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citation omitted). *Strickland* "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id.* at 162–63. Because

Rankin alleges that trial counsel's deficient performance "led to the improvident acceptance of a guilty plea," she must "show that there is a reasonable probability that, but for counsel's errors," she "would not have pleaded guilty and would have insisted on going to trial." *Id.* at 163.

Petitions under § 2255 "must meet heightened pleading requirements." *Shanks v. United States*, No. 21-C-1166, 2022 WL 16552876, at *2 (E.D. Wis. Oct. 31, 2022) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)); *see also Burkhart v. United States*, 27 F.4th 1289, 1299 (7th Cir. 2022) (district court may deny evidentiary hearing if movant "makes conclusory or speculative allegations rather than specific factual allegations"); *United States v. Trumblay*, 234 F.2d 273, 275 (7th Cir. 1956) ("On a motion to vacate, set aside or correct a sentence, a movant has the burden of proof. The movant must set forth facts and not merely conclusions." (citation omitted)).

The representations Rankin made in the plea agreement and during her plea colloquy refute her contention that counsel promised her that the court would impose a sentence of 36 to 48 months if she cooperated with the government. In the plea agreement, Rankin acknowledged that: (1) the government had "made no promises or guarantees regarding the sentence that [would] be imposed"; (2) "no threats, promises, representations, or agreements exist[ed]" to cause her to plead guilty other than those in the agreement; and (3) the court could "impose any sentence up to and including" the statutory maximum of 40 years' imprisonment. *See* Plea Agreement ¶¶ 2, 10–11, *Rankin*, 22-cr-37-jdp-1, Dkt. 35. At her plea hearing, Rankin stated under oath that: (1) she carefully reviewed the plea agreement and supplement before signing them; (2) no one made her promises to get her to plead guilty other than those in the plea agreement and supplement; (3) no one threatened or coerced her to

plead guilty; (4) no one promised her a particular sentence; and (5) I was not bound to follow the parties' recommendations when sentencing her. These representations undermine Rankin's conclusory contention that counsel induced her to plead guilty by promising her a sentence of 36 to 48 months if she cooperated. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Rankin also alleges that she "never understood really what was going on during the whole process." Dkt. 1 at 4. But I determined based on the record and on the representations of Rankin and her counsel at the plea hearing that Rankin's guilty plea was knowing, voluntary, and factually supported. Rankin's conclusory allegations don't suggest otherwise. *See id.* at 73–74 ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."); *Key v. United States*, 806 F.2d 133, 137 (7th Cir. 1986) ("[W]here the record, as in this case, reflects that the defendant voluntarily entered into the plea, and, as here, the section 2255 motion does not clearly present new specific allegations, then no section 2255 evidentiary hearing is required.").

I turn now to her assertion that counsel was effective at sentencing by failing to highlight all of her assistance. The government moved for a downward variance and supported its motion with an affidavit that detailed Rankin's substantial assistance. At sentencing, counsel discussed Rankin's substantial assistance, contending that it was remarkable. Rankin faults counsel for not providing more details, but she doesn't explain what details he omitted. Without explaining those details, her allegations are merely conclusory. *See United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("[C]onclusory allegations do not satisfy *Strickland*'s prejudice component."). I already knew the details of Rankin's substantial assistance because I reviewed the motion for

downward variance and supporting affidavit before sentencing. Rankin's conclusory contentions are contradicted by the record and insufficient to overcome the strong presumption that counsel's performance "[fell] within the wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 689; *see also United States v. Jackson*, 103 F.3d 561, 575 (7th Cir. 1996) (petitioner bears the burden of establishing both prongs of the *Strickland* test).

I decline to hold an evidentiary hearing because "the [petition] and the files and records of the case conclusively show that [Rankin] is entitled to no relief." *Burkhart*, 27 F.4th at 1299 (citing 28 U.S.C. § 2255(b)); *see also Key*, 806 F.2d at 137.

## MOTION TO APPOINT COUNSEL

I may appoint counsel for a § 2255 petitioner if "the interests of justice so require" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the interests of justice require, courts generally consider whether the petitioner can obtain justice without an attorney in light of her ability and the difficulty of the case and whether she would have had a reasonable chance of winning with a lawyer at her side. *See, e.g., Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000).

Rankin cannot meet this standard. The issues in this case are not complex and the petition and record show that her claim is futile. I will deny Rankin's motion to appoint counsel.

## CERTIFICATE OF APPEALABILITY

Because Rankin seeks relief under § 2255, she may appeal this order only if she obtains a certificate of appealability. I may issue a certificate of appealability only if Rankin makes "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I denied Rankin's claim on the merits, to obtain a certificate of appealability, she "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Because Rankin cannot show that, I will deny a certificate of appealability. Rankin may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Roxanne E. Rankin's petition to vacate, Dkt. 1, is DENIED, and a certificate of appealability is DENIED.

2. Petitioner's motion to appoint counsel, Dkt. 2, is DENIED.

3. The clerk of court is directed to enter judgment and send petitioner copies of this order and the judgment.

Entered August 1, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge